DAVID B. BARLOW, United States Attorney (#13117)
PAUL KOHLER, Assistant United States Attorney (#8224)
CY CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
20 North Main Street, #208
St. George, Utah  84770
Telephone: #(435) 634-4263

FILED
U.S. DISTRICT COURT

2013 MAR 13  A 11: 07

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | INDICTMENT |
| Plaintiff, | : | 18 U.S.C. § 1343<br>Wire Fraud (I-III) |
| vs. | : | |
| CHRISTOPHER C. HARRIS, | : | 18 U.S.C. § 1957<br>Money Laundering (IV-V) |
| Defendant. | : | 26 U.S.C. § 7203<br>Willful Failure to File Taxes (VI) |
| | : | |

Case: 2:13-cr-00156
Assigned To : Stewart, Ted
Assign. Date : 03/13/2013
Description: USA v.

The Grand Jury charges:

### Background

At all times material to this Indictment:

1. Defendant CHRISTOPHER C. HARRIS resided in St. George, Utah.

2. Defendant HARRIS owned and purported to operate a commodities distribution business under the name of Revolution Holdings, Inc. located in St. George, Utah

3. Through Revolution Holdings, Inc., defendant HARRIS purported to supply commodities of all kinds all over the world by obtaining and arranging for shipping of the

commodities.

4.  Defendant HARRIS conducted business by, among other things, entering into
contracts with customers and having the customers wire money into his personal accounts.

## The Scheme and Artifice to Defraud

5.  From about July 2008 to about July 2009, in the Central Division of the District of
Utah and elsewhere, defendant HARRIS devised and intended to devise a scheme and artifice to
defraud the following individuals and companies, who were trying to purchase large quantities of
cement, and to obtain money by means of materially false and fraudulent pretenses,
representations, and promises:

- D.D. (DJD International Solutions, LLC);

- M.O. (American Quality Importers, LLC).

6.  In executing and attempting to execute the scheme and artifice to defraud, and in
furtherance thereof, HARRIS:  knowingly transmitted and caused to be transmitted, by means of
wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in
violation of 18 U.S.C. § 1343 (wire fraud); and knowingly engaged and attempted to engage in
monetary transactions in criminally derived property of a value greater than $10,000.00 and
derived from specified unlawful activity (wire fraud) proceeds of fraudulently obtained money in
violation of 18 U.S.C. § 1957 (money laundering).

## Object of the Scheme and Artifice to Defraud

7.  It was the object of the scheme and artifice to defraud for HARRIS to obtain money
fraudulently by inducing customers, through false and fraudulent material statements,
misrepresentations, deception, and omission of material facts, to send money to him and

thereafter cause the money to be diverted for HARRIS's personal use and benefit and other purposes not authorized by the customers.  Through the scheme, defendant HARRIS defrauded victims of approximately $725,000.00.

8.  Defendant HARRIS maximized his "profits" by wilfully failing to file an income tax return for 2008 despite being required by law to do so.

## Manner and Means of the Scheme and Artifice to Defraud

It was part of the scheme and artifice to defraud that among other things:

9.  Defendant HARRIS, told victims he had purchased and delivered large shipments of cement to prior customers when, in fact, he had not.

10.  Defendant HARRIS told victims he owned a large quantity of cement when, in fact, he did not.

11.  Defendant HARRIS sent to victims fraudulent documents purporting to be from third parties indicating that HARRIS and Revolution Holdings had fulfilled large-scale contracts in the past and that he had arranged for shipping vessels to transport cement overseas.

## Counts I-II
## 18 U.S.C. § 1343
## (Wire Fraud)

12.  The Grand Jury incorporates and realleges the facts contained in paragraphs 1 through 11 as if fully stated herein.

13.  On or about the dates enumerated in each count below, in the Central Division of the District of Utah and elsewhere,

## CHRISTOPHER C. HARRIS,

defendant herein, for the purpose of executing and in furtherance of the scheme and artifice to

defraud more particularly described in paragraphs 1 through 12 above, and to obtain money and property of victims by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material facts, and attempting to do so, did knowingly cause money to be transmitted in interstate commerce from various victim accounts to his own accounts by means of wire communication:

| Count | Date of Transfer (on or about) | Account From | Account To | Amount (approximate) |
|-------|-------------------------------|--------------|------------|---------------------|
| I | 07/25/2008 | *Fifth Third Bank* xxxxxx6352 (Ohio) | *Mountain America Credit Union* xxx7942 (Utah) | $ 175,000.00 |
| II | 08/01/2008 | *Community Security Bank* xx4470 (Minnesota) | *Mountain America Credit Union* xxx7942 (Utah) | $ 550,000.00 |

all in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2(a) & (b).

**Count III**
**18 U.S.C. § 1343**
**(Wire Fraud)**

14. The Grand Jury incorporates and realleges the facts contained in paragraphs 1
through 13 as if fully stated herein.

15. On or about July 23, 2008, in the Central Division of the District of Utah and
elsewhere,

**CHRISTOPHER C. HARRIS,**

defendant herein, for the purpose of executing the scheme described above, and attempting to do
so, caused to be transmitted from Utah to D.D. in Ohio by means of wire communication, a
fraudulent "bank certification supply letter"--that is, a fraudulent letter purporting to be from a
bank declaring that HARRIS and Revolution Holdings had the ability to complete commodities
transactions, including cement, all in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2(a) & (b).

**Counts IV-V**
**18 U.S.C. § 1957**
**(Money Laundering)**

16. The Grand Jury incorporates and realleges the facts contained in paragraphs 1
through 15 as if fully stated herein.

17. On or about the dates enumerated in each count below, in the Central Division of the
District of Utah, and elsewhere,

**CHRISTOPHER C. HARRIS**

defendant herein, did knowingly engage and attempt to engage in the following monetary
transactions, by, through, and to a financial institution, affecting interstate and foreign commerce,
in criminally derived property of value greater than $10,000, such property having been derived

-5-

from a specified unlawful activity--that is, Wire Fraud, in violation of 18 U.S.C. § 1343 as

alleged in Counts I-III of this Indictment and which are incorporated herein by reference:

| Count | Victim Account | Harris Account | Harris Payee |
|-------|----------------|----------------|--------------|
| IV | *Fifth Third Bank* xxxxxx6352 (Ohio) | *Mountain America Credit Union* xxx7942 (Utah) | Consolidated Brokers 08/01/2008 $ 350,000.00 Cashier's check payable to ERA Consolidated Brokers for a down payment on residence for Christopher Harris |
| V | *Community Security Bank* xx4470 (Minnesota) | *Mountain America Credit Union* xxx7942 (Utah) | Mastercraft 08/03/2008 $ 121,758.00 Cashier's check payable to Mastercraft of St. George for the purchase of a boat for Christopher Harris |

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(a) & (b).

### Count VI
### 26 U.S.C. § 7203
### (Willful Failure to File Taxes )

18. Beginning in the calendar year 2008 and continuing through the present, in the

Central Division of the District of Utah, and elsewhere,

### CHRISTOPHER C. HARRIS

defendant herein, who was a resident of Washington County, Utah, had and received gross

income during the calendar year 2008 substantially in excess of the minimum filing threshold

-6-

established by law for 2008. By reason of such gross income, HARRIS was required by law,

following the close of calendar year 2008 and on or before April 15, 2009, to make an income tax

return to the Internal Revenue Service Center, at St. George, Utah, to a person assigned to receive

returns at the local office of the Internal Revenue Service at St. George, Utah, or to another

Internal Revenue Service Office permitted by the Commissioner of Internal Revenue, stating

specifically the items of his gross income and any deductions and credits to which he was

entitled. Well knowing and believing all of the foregoing, HARRIS did wilfully fail to make an

income tax return for the year 2008, all in violation of 26 U.S.C. § 7203.

<u>NOTICE OF INTENT TO SEEK FORFEITURE</u>

19. As a result of committing the felony offenses alleged in Count I-III of this

Indictment, which are punishable by imprisonment for more than one year, the defendant shall

forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 any and all

property, real and personal, constituting proceeds deriving from violations of 18 U.S.C. § 1343

(wire fraud), and any property traceable thereto, including but not limited to the following:

- MONEY JUDGMENT in the amount of seven-hundred twenty-five thousand

    dollars **($725,000.00)**, representing the value of the proceeds obtained by the

    defendant in connection with the above-referenced offenses

<u>SUBSTITUTE ASSETS</u>

20. If any of the above-described forfeitable property, as a result of any act or omission

of the defendant,

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

-7-

(3)  has been placed beyond the jurisdiction of the court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. §

853(p), to seek forfeiture of any other property of said defendant up to the value of the above-

forfeitable property.

A TRUE BILL:

_____

FOREPERSON of the GRAND JURY

DAVID B. BARLOW
United States Attorney

_____

PAUL KOHLER
Assistant United States Attorney

-8-