DAVID B. BARLOW, United States Attorney (#13117)
PAUL KOHLER, Assistant United States Attorney (#8224)
Attorneys for the United States of America
20 North Main Street, #208
St. George, Utah 84770
Telephone: (435)-634-4263
Email: paul.kohler@usdoj.gov

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR - 3 2014

D. MARK JONES, CLERK
BY_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00156 |
|---|---|
| Plaintiff, | STATEMENT IN ADVANCE OF PLEA PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| CHRISTOPHER C. HARRIS, | Judge Robert T. Braithwaite |
| Defendant. | |

      I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

      1.      As part of this agreement with the United States, I intend to plead guilty to Counts II and VI of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

      The elements of Count II, Wire Fraud, are:

1. Defendant knowingly devised or intended to devise a scheme to obtain money by means of false or fraudulent pretenses, representations, or promises;
2. Defendant acted with specific intent to defraud;
3. Defendant used interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and
4. The scheme employed false or fraudulent pretenses, representations, or promises that were material.

The elements for Count VI, Willful Failure to File Taxes, are:

1. Defendant was required by law to pay a tax;
2. Defendant failed to do so at the time required by law; and
3. Defendant did so willfully.

      2(a).    I know that the maximum possible penalty provided by law for Count II of the Indictment, a violation of 18 U.S.C. § 1343, is a term of imprisonment of up to 20 years, a fine of $250,000, and a term of supervised release of 3 years. I also know that the maximum possible penalty provided by law for Count VI of the Indictment, a violation of 26 U.S.C. § 7203, is a term of imprisonment of up to 1 year, a fine of $25,000, and a term of supervised release of 1 year. I understand that if any supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

      (b)    Additionally, I know the court is required to impose an assessment in the amount of $100 for each felony conviction and $25 for each misdemeanor conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to 18 U.S.C. §§ 3663, 3663A, or 2259.

      (c)    I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea for that reason. However, because of my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

      4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

      5.    I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

      6.    I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

          (a) I have a right to the assistance of counsel at every stage of the proceeding.

          (b) I have a right to see and observe the witnesses who testify against me.

          (c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty pleas and for calculating the sentence in my case:

> A. During the time period material to the Indictment, I owned and purported to operate a commodities distribution business under the name of Revolution Holdings, Inc., located in St. George, Utah. I conducted business by, among other things, entering into contracts with customers and having customers wire money into my personal accounts.
>
> B. From about July 2008 to about July 2009, in the Central Division of the District of Utah and elsewhere, I devised a scheme to defraud the following

3

individuals and companies, who were trying to purchase large quantities of cement, in order to obtain money by means of materially false and fraudulent pretenses:

   1. D.D. (DJD International Solutions, LLC); and
   2. M.O. (American Quality Importers, LLC).

C. On or about July 25, 2008, I knowingly and intentionally made materially false and fraudulent representations and omissions of material facts to cause $550,000 to be transferred in interstate commerce from M.O.'s (American Quality Importers, LLC) Community Security Bank account (xx4470) to my Mountain America Credit Union account (xx7942). That is, I made the following representations:

   1. I told D.D. and M.O. that I had purchased and delivered large shipments of cement to prior customers when, in fact, I had not;
   2. I told D.D. and M.O. that I owned a large quantity of cement when, in fact, I did not; and
   3. I sent D.D. and M.O. a fraudulent documents purporting to be from a third parties indicating that I had fulfilled large-scale cement contracts in the past and that I had arranged for shipping vessels to transport cement when, in fact, I had not.

D. I received gross income during calendar year 2008 substantially in excess of the minimum tax filing threshold. Therefore, I was required by law pay an income tax to the Internal Revenue Service. I willfully failed to do so.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

(1) I will plead guilty to Counts II and VI of the Indictment;

**Appeal Waiver**

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth above, in any collateral review motion, writ or

other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel;

(2)(c)  I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2);

(2)(d)  I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof); and any orders of restitution.

**Financial Information**

(3)  To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within three weeks of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1.; [and].

**Restitution**

(4)(a)  I will pay full restitution in the amount of $705,000.

(4)(b)  I agree to pay restitution during any period of incarceration imposed on me. I understand and agree that payment of any restitution owed should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. §3614, the court can resentence me to any sentence which might originally have been imposed in my case.

(5)  To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

B.  The United States agrees:

    (1)  To dismiss Counts I, III, IV, and V at the time of sentencing.

5

C. The United States and the Defendant agree:

    (1)     Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be 18 months imprisonment, and further agree that 18 months is a reasonable sentence.

    (2)     The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

    (3)     If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 18 months will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, If the Court rejects the plea agreement and determines that the sentence should be less than 18 months, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

    (4)     The Defendant and the United States agree that all other sentence provisions (e.g., supervised release, assessments, etc.) will be imposed in accordance with applicable law.

* * * *

I make the following representations to the Court:

1. I am __47__ years of age. My education consists of ___College___. I [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 2rd day of March, 2014.

_____
CHRISTOPHER C. HARRIS
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his[her] rights to him[her], and I have assisted him[her] in completing this form. I believe that he[she] is knowingly and voluntarily entering the plea with full knowledge of his[her] legal rights and that there is a factual basis for the plea.

DATED this 2rd day of March, 2014.

_____
BRETT L. TOLMAN
Attorney for Defendant

I certify that all terms of the plea agreement between the defendant and the government have been disclosed to the Court, and there is a legal and factual basis for the defendant's plea of guilty.

DATED this ____ day of _____, ____.

DAVID B. BARLOW
United States Attorney

_____
PAUL KOHLER
Assistant United States Attorney